IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CR-00071-FL-1
NO. 4:12-CV-00104-FL

| | |
|---|---|
| MILTON DEVON WILLIAMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This cause comes before the Court upon the government's motion to dismiss (DE-140) petitioner Milton Devon Williams's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"). (DE-133). Williams has responded to the motion to dismiss (DE-142), and also seeks to amend his motion to vacate (DE-137). The government has responded and, accordingly, the motion to amend and the motion to dismiss are ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), the motion to amend and motion to dismiss are before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that Williams's motion to amend (DE-137) be DENIED and that the motion to dismiss (DE-140) be GRANTED.

1

## I. BACKGROUND

On November 8, 2010, Williams pled guilty pursuant to a written plea agreement to (1) conspiracy to distribute and possess with the intent to distribute fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841 and 846; and (2) money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). (DE-68, DE-70). On April 15, 2011, this Court sentenced Williams to 246 months in prison and ten years of supervised release. (DE-117, DE-138). Williams did not appeal the judgment.

On May 30, 2012, Williams filed the instant pro se motion to vacate seeking relief on three grounds. (DE-133). The certificate of service indicates that Williams placed the motion to vacate in the mail on May 28, 2012. Williams later filed a pro se motion to amend his motion to vacate, requesting the addition of a fourth ground for relief. (DE-137). Assistant Federal Public Defender Devon Donahue subsequently entered a notice of appearance and filed a response to the government's motion to dismiss on behalf of Williams. The government asserts that the motion to vacate is untimely and should be dismissed because Williams did not file the petition within one year of his judgment becoming final. Accordingly, the government seeks dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In addition, the government argues the motion to vacate fails to state a claim upon which relief may be granted and requests dismissal in accordance with Fed. R. Civ. P. 12(b)(6).

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See* Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385-86 (quotation marks and alteration marks omitted).

**B. 28 U.S.C. § 2255**

A petitioner asserting constitutional error pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per

3

curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

Equitable tolling applies to the statute of limitations in § 2255 proceedings. United States v. Oriakhi, 394 Fed. App'x 976, 977 (4th Cir. 2010) (citing Holland v. Florida, 560 U.S. __, 177 L. Ed. 2d 130 (2010)). However, the barrier to application of the remedy of equitable tolling is significant. The doctrine of equitable tolling generally is appropriate

4

in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. Thus, "any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.

With these legal precepts in mind, the undersigned considers Williams's claims.

### III. ANALYSIS

Here, the motion to vacate is untimely. This Court imposed judgment on April 15, 2011. Williams did not appeal his conviction or sentence. As Williams did not file a direct appeal, his conviction became final for purposes of 28 U.S.C. § 2255 on April 15, 2011. *See* United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir.) (concluding that, where a petitioner does not pursue direct appellate review, his judgment of conviction becomes final for purposes of the one-year limitations period for filing a motion pursuant to § 2255 on the date the district court enters judgment), *cert. denied*, 534 U.S. 1032 (2001); Martinez v. Haynes, No. 5:09-HC-2008-D, 2010 U.S. Dist. LEXIS 82498, at *6-7 (E.D.N.C. Aug. 4, 2010) (applying same analysis for 28 U.S.C. § 2254 petition).

5

Williams did not file his motion to vacate until May 28, 2012, more than one year after his conviction was final. The motion to vacate is therefore untimely and should be dismissed.

Williams contends that his claims regarding improper sentence enhancement should be considered timely pursuant to 28 U.S.C. § 2255(f)(4), which provides that the one-year period of limitation for filing of § 2255 motions to vacate shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Williams contends that the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011) (en banc) constitutes a "fact supporting [his] claim," and he therefore asserts that the limitation period for filing his § 2255 motion should toll from that opinion's August 17, 2011 issuance date.

This argument has been squarely rejected by this Court, however. *See*, *e.g.*, Harvey v. United States, Nos. 2:97-CR-2-BO, 2:12-CV-40-BO, 2012 U.S. Dist. LEXIS 142367, at *3-4 (E.D.N.C. Oct. 2, 2012); United States v. Hardison, Nos. 4:11-CV-196-FL, 4:08-CR-77-FL-2, 2011 U.S. Dist. LEXIS 14802, at *5 (E.D.N.C. Dec. 27, 2011). Moreover, the Fourth Circuit has recently determined that the Supreme Court's 2010 decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), applied by the Fourth Circuit in *Simmons*, did not recognize a new substantive right retroactively applicable to cases on collateral review. *See* United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). Instead, "the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist

6

enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment" and is therefore "not retroactively applicable to cases on collateral review." *Id.* Accordingly, the Fourth Circuit in *Powell* affirmed the dismissal of the § 2255 motion as untimely. *Id.* at 560.

The undersigned finds no grounds for equitable tolling, which is a "rare" remedy that "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330. Williams has not shown that he has diligently pursued his rights or that misconduct or extraordinary circumstances prevented him from timely filing the instant motion to vacate. *See* McClain v. United States, Nos. 3:12-CV-5, 3:08-CR-218, 2012 U.S. Dist. LEXIS 11750, at *6-7 (W.D.N.C. Feb. 1, 2012) (dismissing the petitioner's § 2255 motion to vacate as untimely and declining to apply equitable tolling, despite the government's concession that the petitioner was actually innocent of being a felon in possession of a firearm in light of *Simmons*).

The undersigned therefore concludes that the motion to vacate is untimely and should be dismissed. Because the motion to vacate is untimely, the motion to amend is likewise untimely and should be denied as such.

Alternatively, even if the motion to vacate were timely, Williams's claims are otherwise procedurally barred or lack merit. Williams asserts claims for (1) ineffective assistance of counsel; (2) improper sentence enhancement under *Simmons*; and (3) failure by the government to file a motion for sentence reduction pursuant to Fed R. Crim. P.

7

35(b). In his motion to amend, Williams seeks to assert a fourth ground for relief, contending he was improperly convicted in light of the United States Supreme Court's decision in DePierre v. United States, 131 S. Ct. 2225 (2011).

However, by virtue of the plea agreement he entered, Williams waived the right to challenge his sentence or conviction on any grounds other than "ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." Plea Agreement, 1, DE-40. The Fourth Circuit has held that a defendant can, through a plea agreement, waive his appellate rights, as well as the right to collaterally attack his conviction. *See, e.g.*, United States v. Poindexter, 492 F.3d 263, 267-268 (4th Cir. 2007); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). These waivers are valid and enforceable so long as they are knowing and voluntary. *See* United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); Lemaster, 403 F.3d at 220. Here, Williams does not dispute that the plea agreement was knowing and voluntary, and there is no evidence of record suggesting otherwise. As such, to the extent Williams bases his second, third, and fourth claims on grounds other than prosecutorial misconduct or ineffective assistance of counsel, they are precluded by the terms of the plea agreement. *See* White v. United States, Nos. 4:06-CR-068-FL-1, 4:11-CV-083-FL, 2012 U.S. Dist. LEXIS 103689, at *16-18 (E.D.N.C. July 24, 2012) (concluding that the petitioner's claim to sentence reduction because of the amendment of U.S.S.G. § 4A1.1(e) constituted an impermissible challenge to his sentence barred by the appeal and collateral challenge waiver in his plea agreement).

8

In addition, even if he had not waived his right to challenge his sentence, Williams's claim of improper sentence enhancement cannot succeed because he received a sentence within the maximum statutory range. In *Powell*, a three-judge panel of the Fourth Circuit agreed that the petitioner Powell's § 2255 challenge to his twenty-year term of imprisonment based on a prior state drug conviction for which he was not sentenced to more than one year could not succeed. 691 F.3d at 559-60. In 2004, Powell had been convicted under 21 U.S.C. § 846 of conspiring with intent to distribute crack cocaine. *Id.* at 555. Powell was sentenced pursuant to the provisions of 21 U.S.C. § 841(b)(1)(A), which provides for a sentence of no less than ten years and not more than life imprisonment. *Id.* Although Judge King dissented from the majority in part, he agreed that because Powell was still sentenced within the unenhanced statutory maximum, he was not entitled to relief under 28 U.S.C. § 2255. *Id.* at 563 (King, J., dissenting in part and concurring in the judgment in part). That is, even if Powell's sentence was improperly enhanced, he had not received a sentence "in excess of the maximum authorized by law" as set forth in 28 U.S.C. § 2255 and thus his motion to vacate was properly denied. *Id.*; *see also* United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999) (explaining that, because only sentences exceeding the statutory maximum can be challenged by § 2255 motion, § 2255 "does not usually apply to errors in the application of the Sentencing Guidelines").

Here, Williams pled guilty to conspiracy to distribute fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846. Title 21, Section 841(b)(1)(A) of the United States Code provides that upon conviction under Section 841(a)

9

or 846, a defendant is subject to minimum term of ten years and maximum term of life imprisonment. The district court sentenced Williams to 246 months on this count. Thus, Williams received a sentence within the statutory maximum and may not obtain relief on his claims regarding sentencing pursuant to 28 U.S.C. § 2255. *See, e.g.*, Robinson v. United States, Nos. 5:12-CV-00050-RLV, 5:03-CR-00050-RLV-2, 2012 U.S. Dist. LEXIS 149322, at *4-7 (W.D.N.C. Oct. 17, 2012) (concluding that the petitioner who received sentence enhancement pursuant to 21 U.S.C. § 851 was not entitled to relief because he was sentenced within the statutory maximum); Jones v. United States, Nos. 4:09-CR-81-BO, 4:12-CV-94-BO, 2012 U.S. Dist. LEXIS 136280, at *3-5 (E.D.N.C. Sept. 24, 2012) (finding that the petitioner's "challenge to the calculation of his base offense level is not cognizable under §2255 as Mr. Jones did not receive a sentence that exceeds his statutory maximum"). Accordingly, Williams's second, third[1] and fourth claims to relief pursuant to § 2255, even if timely, are not cognizable and should be denied.

Finally, Williams asserts his trial counsel was deficient for failing to object to the drug quantities attributed to Williams in the presentence investigation report ("PSR") and

---

1. Insofar as Williams implies in his third ground for relief that the government committed prosecutorial misconduct by failing to move for a sentencing reduction pursuant to Fed. R. Crim P. Rule 35(b) in his case, there is no support for this claim. While the government promised in the plea agreement that it would "make known to the Court at sentencing the full extent of the Defendant's cooperation," the government expressly cautioned that "the United States is not promising to move for departure pursuant to U.S.S.G. §5Kl.l, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35." Plea Agreement, 5 ¶ 4(e). At the sentencing hearing, defense counsel noted that there "was never any agreement that the government was going to file that motion [for departure]." Sentencing Hr'g Tr. 8:3-4, DE-138. Thus, there is no evidence that the government breached the plea agreement or otherwise committed prosecutorial misconduct by failing to move for sentence reduction pursuant to Rule 35(b).

during sentencing hearing testimony. Even if this claim were timely, Williams fails to show either deficiency in performance or prejudice as required by *Strickland*. First, with regard to performance, the record shows that Williams's attorney in fact objected to the PSR, and specifically objected to the drug quantities attributed to Williams. Addendum to the PSR, DE-100. At the sentencing hearing, defense counsel argued strongly in favor of a statutory minimum sentence for Williams. Sentencing Hr'g Tr. 9-10, DE-139. Williams therefore fails to show his counsel's performance fell below an objective standard of reasonableness. Second, there is no evidence of prejudice. The statutory minimum sentence for Williams's offense was 240 months. The district court sentenced Williams to 246 months, significantly below the Sentencing Guideline range of 360 months to life, as well as the government's recommended sentence of 270 months. Sentencing Hr'g Tr. 8:22-25, DE-139. There is nothing to indicate that, had defense counsel pursued the objections to the drug weights more forcefully, the district court would have sentenced Williams to six less months. Indeed, as defense counsel observed at the sentencing hearing, "even if [his] argument is accepted by the Court, it's not going to change to any great extent the range that the defendant is going to be facing, quite frankly." Sentencing Hr'g Tr. 15:5-8, DE-138. Williams therefore fails to demonstrate prejudice arising from his attorney's performance. Because he cannot show deficiency in performance or prejudice, Williams's claim of ineffective assistance of counsel, as set forth in his first ground for relief in the untimely motion to vacate, should be denied.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Williams's motion to amend (DE-137) be DENIED and that the government's motion to dismiss (DE-140) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, October 26, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE