IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CR-71-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MILTON DEVON WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's pro se motions to appoint counsel, (DE 232), and to modify sentence due to COVID-19 risks, (DE 234).[1] The government responded in opposition to defendant's motion to modify sentence, and in this posture the issues raised are ripe for ruling.

On November 8, 2010, defendant pleaded guilty to conspiracy distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846, and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). The court initially sentenced defendant to 246 months' imprisonment. On December 10, 2014, the court reduced defendant's sentence to 166 months' imprisonment.

On January 31, 2019, defendant filed his first motion for reduction of sentence pursuant to the First Step Act of 2018. The following day, the court appointed the Federal Public Defender to represent defendant pursuant to Standing Order 19-SO-3. On May 3, 2019, defendant, acting through counsel, filed renewed motion for reduction of sentence pursuant to the First Step Act. On May 21, 2019, defendant withdrew the motion "without prejudice to refiling." On December

---

[1] Also pending, but not ripe for adjudication, are defendant's motions for reduction of sentence pursuant to the First Step Act of 2018, which the court will address by separate order.

10, 2019, defendant filed pro se motion to reduce sentence pursuant to the First Step Act and the instant motion appoint counsel. On May 5, 2020, the court entered order holding these motions in abeyance and directed counsel to file status report addressing the issues raised by these motions.

In the interim, on April 20, 2020, defendant filed the instant pro se motion to modify sentence, citing concerns over the communicable disease known as COVID-19, and particularly the COVID-19 outbreak at the Federal Correctional Institution in Butner, North Carolina. Defendant notes he has "severe" asthma that caused hospitalizations "throughout [defendant's] youth." The government timely responded in opposition.

On May 11, 2011, defendant, acting through counsel, filed renewed motion for sentence reduction pursuant to the First Step Act.

## DISCUSSION

The court begins with defendant's motion to appoint counsel, which seeks appointment of counsel to assist with a motion for sentence reduction under the First Step Act. Where counsel filed renewed motion for reduction of sentence under the First Step Act on May 11, 2020, defendant's motion will be denied as moot.

The court now turns to defendant's motion to modify sentence, which the court construes as a motion for compassionate release.[2] With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of

---

[2] To the extent defendant requests a court order directing the Federal Bureau of Prisons ("FBOP") to place him on home confinement, the court lacks jurisdiction to order such relief. The FBOP has exclusive authority to determine an inmate's place of imprisonment, including home confinement, and placement decisions are "not reviewable by any court." See 18 U.S.C. § 3621(b); United States v. Caudle, 740 F. App'x 364, 365 (4th Cir. 2018). Furthermore, although the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") expands the availability of home confinement for federal prisoners, the authority to place defendant on home confinement remains with FBOP officials under the Act. See CARES Act of 2020, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516; United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020).

compassionate release, which permits the court to reduce a sentence in extraordinary circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See First Step of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239. The court may grant the motion and reduce the defendant's sentence if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[3]

Defendant has not demonstrated that he exhausted administrative remedies prior to filing the instant motion. Indeed, the motion fails to even mention the administrative exhaustion requirement. The court cannot excuse the exhaustion requirement, even to take into account the COVID-19 pandemic. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); cf. Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes."). In these circumstances, the Federal Bureau of Prisons ("FBOP") is better positioned to determine in the first instance whether defendant's medical conditions justify compassionate release, home confinement, or similar relief.

---

[3] The statute also permits compassionate release for certain elderly offenders who no longer pose a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is not applicable to defendant.

## CONCLUSION

Based on the foregoing, the court DENIES AS MOOT defendant's motion to appoint counsel, (DE 234), and DENIES WITHOUT PREJUDICE defendant's motion to modify sentence due to COVID-19 risks.

SO ORDERED, this the 14th day of May, 2020.

LOUISE W. FLANAGAN
United States District Judge

4

Case 4:10-cr-00071-FL   Document 240   Filed 05/14/20   Page 4 of 4